```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 15-CV-24438-ALTONAGA
                                    MAGISTRATE JUDGE P. A. WHITE

JOSEPH HARVEY,                  :

    Plaintiff,                  :

v.                              :           REPORT OF
                                          MAGISTRATE JUDGE
UNITED STATES OF AMERICA,       :
ET AL.,
                                :
    Defendants.
_____
```

## I. Introduction

The Plaintiff filed a *pro se* civil rights complaint pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), 42 U.S.C. § 1983, and the Federal Tort Claims Act ("FTCA") while in custody at Coleman Low Correctional Institution in Coleman, Florida. (DE# 1). He is proceeding *in forma pauperis*. (DE# 16). The complaint is presently before the Court for screening.

## II. Legal Standard

The Prison Litigation Reform Act ("PLRA") provides that cases proceeding *in forma pauperis* must be screened as follows:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> ...
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915.

Failure to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Rule 12(b)(6). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). The United States Supreme Court clarified the requirements of Section 12(b)(6) in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint need not contain detailed factual allegations. See Fed. R. Civ. P. 8(a)(2) (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief.") However, a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions; a "formulaic recitation of the elements of a cause of action will not do...." Twombly, 550 U.S. at 555. The allegations must rise above the speculative level and "state a claim to relief that is plausible on its face." Id. at 570.

This analysis requires a two-step inquiry. First, the court must identify the complaint's factual allegations, which are entitled to an assumption of truth, and identify and reject the legal conclusions to which no assumption of truth applies. Iqbal, 556 U.S. at 678. Second, the court must determine whether these factual allegations, taken as true, plausibly suggest an entitlement to relief. Id. at 679. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. If the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint is insufficient. Id.

In the context of a both Bivens and Section 1983, a plaintiff must establish (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed under color of law. 42 U.S.C. 1983; Polk County v. Dodson, 454 U.S. 312 (1981); West v. Atkins, 487 U.S. 42, 48 (1988); Parratt v. Taylor, 451 U.S. 527 (1981) *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986); see also Butz v. Economou, 438 U.S. 478, 498-99 (1978) (analogizing Bivens claims to claims under Section 1983). Further, the plaintiff must establish proof of an affirmative causal connection between a defendant acting under color of law and the constitutional deprivation alleged. Troupe v. Sarasota County, 419 F.3d 1160, 1165 (11th Cir. 2005).

### III. Claims

The Plaintiff signed the complaint in his own name and for Anja Kannell.[1] (DE# 1 at 9). He names as defendants: the United States of America, the Attorney General, Assistant United States Attorney Thomas Watts-Fitzgerald, Assistant Federal Public Defender Jan Smith, private attorney Leonardo Spitake, United States Postal Inspector ("USPI") Claudia Angel, unknown USPIs, Osceola County, the Osceola County Police Chief, and unknown Osceola County Police Officers.

Construing the complaint liberally and accepting the allegations as true, the Plaintiff and Anja Kannell were arrested on October 5, 2011, by USPI Angel and unknown USPIs. Their car was searched by police officers while they were cuffed in the backseat of police cars. They were driven to a post office in West Palm

---

[1] Anja Kannell is the Plaintiff's wife and co-defendant in a criminal case involving a scheme to defraud disaster relief agencies, 11-CR-20701-KING. See United States v. Kannell, 545 Fed. Appx. 881 (11th Cir. 2013).

Beach and an unknown USPI drove the Plaintiff's car into to the lot about an hour later. USPI Angel applied for a warrant on October 17 and executed it on October 24, 2011. The searches of the car, trunk, briefcase inside the trunk, and Kannell's purse were illegal because some of these items were not included in the warrant, there was no probable cause for the warrant, and there was no nexus between crimes and vehicle. Further, USPI Angel omitted illegal procedures from warrant affidavit. A magistrate judge would not have issued warrant had known about the lies and omissions in the warrant affidavit.

On November 28, 2011, USPI Angel and unknown police went to the home of Anja Kannell's adult daughter, April, in Kissimmee, Florida, and took her to the police station. They coerced April into consenting to the seizure of three laptop computers although she did not have passwords for two of them, she did not have consent from the Plaintiff or Anja Kannell, she did not have authority to consent to the seizure, and there was no probable cause supporting the seizure. Defense attorneys would not ask for a suppression hearing so Kannell asked for one. At the suppression hearing, April's testimony showed that her consent was coerced.

The prosecutor is responsible for employees' misconduct and maliciously prosecuted the case by knowing of and condoning the misconduct, which amounts to a civil conspiracy. The attorneys for the Plaintiff and Kannell knew about the violations and did nothing about them, such as, requesting a suppression hearing, a Franks hearing, or challenging the illegal searches in any way.

The Plaintiff seeks compensatory, punitive and treble damages, costs and attorney's fees, and all other relief that is appropriate. (DE# 1 at 4, 9).

IV. Discussion

(1) Venue

Venue for actions under United States Code Title 42, Section 1983 is as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In the instant case, the Plaintiff was brought to West Palm Beach, where his car and belongings were searched, then he was taken to Miami where he was imprisoned and tried. A substantial part of the events giving rise to the claims occurred in the Southern District of Florida, therefore, venue appears to be appropriate here.

(2) Suit on Behalf of Others

The Plaintiff purports to seek relief on behalf of himself and his wife and co-defendant in the criminal case, Anja Kannell.

The Plaintiff is a prisoner and lacks standing to seek relief on behalf of others. See generally Singleton v. Wulff, 428 U.S. 106, 116 (1976) (one may not claim standing to vindicate the constitutional rights of others); Adams v. James, 784 F.2d 1077, 1080 (11th Cir. 1986) (prisoners generally lack standing to litigate another prisoner's claim); see, e.g., Mingo v. Patterson,

455 F.Supp. 1358 (1978) (prisoner lacked standing to assert constitutional deprivations allegedly incurred by his sister).

Therefore, his claims asserted on behalf of Ms. Kannell should be dismissed.

(3)  Statute of Limitations

The complaint was filed under the prisoner mailbox rule on November 20, 2015. (DE# 1 at 9); see (DE# 1 at 11) (institution stamp dated November 20, 2015).

(A)  Section 1983 and Bivens

Bivens suits and suits brought under 42 U.S.C. § 1983 have the same statute of limitations which, in Florida, is four years. Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996); Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003).

The claims from the date of the Plaintiff's arrest on October 5, and the search warrant execution on October 24, 2011, are outside the applicable four-year statute of limitations. Therefore, the Plaintiff's claims based on his October 5 arrest and the and searches that occurred between that date and November 19, 2011, including the attendant deprivation of property and conspiracy claims, should be dismissed with prejudice.

The only timely Bivens and Section 1983 claims appear to be the Fourth Amendment claims against USPI Angel and unknown Osceola County police officers with regards to the seizure of three laptop computers, and possibly a conspiracy claim with regards to the Plaintiff's prosecution. They will be examined for legal sufficiency in separate sections.

6

(B) <u>FTCA</u>

The FTCA has a two-year statute of limitations. 28 U.S.C. § 2401(b).

All of the events raised in the complaint occurred between October 5, 2011, and February 9, 2012. This is outside the FTCA's two-year statute of limitations, accordingly, all of the Plaintiff's FTCA claims should be dismissed with prejudice.

(4) <u>Defendants</u>

The various defendants named in the Complaint will be addressed in turn.

(A) <u>United States of America</u>

The United States has not waived its sovereign immunity and, therefore, it and its agencies cannot be sued. <u>Correctional Servs. Corp. v. Malesko</u>, 534 U.S. 61, 72 (2001) (prisoner may not bring <u>Bivens</u> claim against the United States). Therefore, the claims against the United States should be dismissed.

(B) <u>Attorney General</u>

<u>Bivens</u> only applies to claims against federal officers in their individual capacities; it does not create a cause of action for federal officers sued in their official capacities. <u>See Malesko</u>, 534 U.S. at 69–71. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit," and "[t]he terms of the federal government's consent to be sued in any court define that court's jurisdiction to entertain the suit." <u>JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.</u>, 224 F.3d 1260, 1263 (11th Cir.2000) (internal quotation marks omitted).

7

The Plaintiff does not allege that the Attorney General had any personal involvement in his case whatsoever, so individual liability cannot attach. Any claim against her in her official capacity is barred by sovereign immunity. Therefore, the Plaintiff's claims against the Attorney General should be dismissed.

(C)  <u>Osceola County</u>

Counties and other local government entities are "persons" within the scope of Section 1983 and are therefore subject to liability. However, the plaintiff may not rely on *respondeat superior* to hold a county liable. <u>McDowell v. Brown</u>, 392 F.3d 1283, 1289 (11th Cir. 2004). A county does not incur Section 1983 liability for injuries caused solely by its employees. <u>Monell v. Dep't Social Servs.</u>, 436 U.S. 658 (1978). To impose Section 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation. <u>City of Canton v. Harris</u>, 489 U.S. 378, 388 (1989). When liability against a municipality is based on custom, a plaintiff must establish "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." <u>Brown v. City of Fort Lauderdale</u>, 923 F.2d 1474, 1481 (11th Cir. 1991).

The Plaintiff's conclusory allegations that there was inadequate training and supervision, police personnel have "vicious propensities" that are "notorious," and there was no "meaningful procedures to discourage lawless conduct," fail to adequately allege a basis for <u>Monell</u> liability. (DE# 1 at 2); see <u>Weiland v.</u>

8

Palm Beach County Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015) (allegations that sheriff's deputies improperly detained arrestee, decided to prosecute him for fabricated charges, and internal affairs investigation into the incident only sought to uncover the arrestee's own misconduct, were insufficient to state a claim against the sheriff's office for the policy of using internal affairs investigations to cover up the use of force against the mentally ill). Therefore, the claims against Osceola County should be dismissed.

    (D)   Osceola County Police Chief

Public officials in supervisory positions cannot simply be held vicariously liable for the acts of their subordinates. Robertson v. Sichel, 127 U.S. 507 (1888); Byrd v. Clark, 783 F.2d 1002, 1008 (11th Cir. 1986), *abrogation on other grounds recognized by* Nolin v. Isbell, 207 F.3d 1253 (11th Cir. 2000). Nor can Bivens liability be predicated solely upon the doctrine of *respondeat superior*. Monell, 436 U.S. at 658; Vineyard v. Murray, 990 F.2d 1207 (11th Cir. 1993). A causal connection between the acts of a supervising official and the alleged constitutional deprivation can render the official liable on a Section 1983 claim. See Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008). A plaintiff may establish a causal connection by showing that: (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and that he failed to do so;" (2) "the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights;" or (3) "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Douglas, 535 F.3d 1322. This standard is extremely rigorous. Doe v. School Bd. of Broward County, 604 F.3d 1248, 1266 (11th Cir. 2010).

The Plaintiff does not allege that the Osceola County Police Chief had any personal involvement in the case. Nor do his vague and conclusory allegations provide a basis for Monell liability for the reasons set forth in Section (C), supra. Therefore, the claims against the Osceola County Police Chief should be dismissed.

(E)  Thomas Watts-Fitzgerald

Mr. Watts-Fitzgerald is the Assistant United States Attorney who prosecuted the Plaintiff's criminal case.

Traditional common-law immunities for prosecutors apply to civil cases brought under Section 1983. Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976). At common law, the traditional rule was that "a prosecutor is absolutely immune from suit for malicious prosecution." Malley v. Briggs, 475 U.S. 335, 342 (1986). In Section 1983 actions, prosecutors have absolute immunity for all activities that are "intimately associated with the judicial phase of the criminal process." Van de Kamp v. Goldstein, 555 U.S. 335 (2000). Absolute immunity involves a functional approach, which looks to "the nature of the function performed, not the identity of the actor who performed it," to determine immunity. Jones v. Cannon, 174 F.3d 1271, 1282 (11th Cir. 1999). Therefore, absolute immunity applies to a prosecutor's actions "in initiating a prosecution and in presenting the State's case." Imbler, 424 U.S. at 431. This includes acts undertaken "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Jones, 174 F.3d at 1281. If a prosecutor functions in a capacity unrelated to the role as an advocate for the State, he is not protected by absolute immunity but enjoys only qualified immunity. Kalina v. Fletcher, 522 U.S. 118, 121 (1997).

In the instant case, the Plaintiff alleges that the prosecutor maliciously prosecuted him.² A malicious prosecution claim only ripens if the criminal proceeding terminated in Plaintiff's favor. See Heck v. Humphrey, 512 U.S. 477, 484 (1994);³ Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (Heck applies to Bivens actions filed by federal prisoners). The Plaintiff is presently incarcerated and has failed to allege that the criminal proceedings terminated in his favor. Therefore, he has failed to state a claim of malicious prosecution. See, e.g., Leonard v. FBI, 405 Fed. Appx. 386 (11th Cir. 2010).

The Plaintiff's claims against Mr. Watts-Fitzgerald are barred by prosecutorial immunity and Heck, and should be dismissed.

(F)   Jan Smith

Mr. Smith is the Assistant Federal Public Defender who represented the Plaintiff at his criminal trial.

"A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County, et al. v. Dodson, 454 U.S. 312, 325 (1981). Therefore, the Plaintiff's claim against defense counsel should be dismissed with prejudice.

---

² The claims that the prosecutor engaged in civil conspiracy by condoning the Plaintiff's illegal arrest and the accompanying illegal searches in October, 2011, are barred by the statute of limitations.

³ Heck provides that, in order for a Section 1983 plaintiff to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, he must prove that the conviction or sentence has been reversed, expunged called into question by a Section 2254 petition for writ of habeas corpus, or otherwise declared invalid. For Heck to apply, "it must be the case that a successful § 1983 suit and the underlying conviction be logically contradictory." Dyer v. Lee, 488 F.3d 876, 884 (11th Cir. 2007). Heck applies both to actions for monetary damages and for injunctive relief. Wilkinson v Dotson, 544 U.S. 74 (2005).

(G)  <u>Leonardo Spitale</u>

Mr. Spitale is the private defense attorney who represented the Plaintiff's wife, Anja Kannell, in their criminal case.

To hold that private parties are State actors for purposes of Section 1983 claims, one of the following conditions must be met: (1) the State coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test). <u>See</u> <u>Rayburn ex rel. Rayburn v. Hogue</u>, 241 F.3d 1341, 1347 (11th Cir. 2001). A private person generally acts "under the color of state law" only when engaged in a conspiracy with State officials. <u>Tower v. Glover</u>, 467 U.S. 914 (1984); <u>Harvey v. Harvey</u>, 949 F.2d 1127 (11th Cir. 1992). The Plaintiff has failed to allege that Mr. Spitale, a private attorney, was a State actor.

With regards to <u>Bivens</u> claims, the Supreme Court has held that no <u>Bivens</u> action lies against a private entity alleged to act unconstitutionally under color of federal law. <u>See</u> <u>Malesko</u>, 534 U.S. at 69-70. Moreover, as previously stated, the Plaintiff is precluded from raising any claims on his wife's behalf.

For all the foregoing reasons, the claims against Mr. Spitale should be dismissed with prejudice.

(H)  <u>John Does</u>

The Plaintiff names as Defendants unknown USPIs[4] and unknown Osceola County Police Officers.

As a general matter, fictitious-party pleading is not permitted in federal court. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010); see, e.g., New v. Sports & Recreation, Inc., 114 F.3d 1092, 1094 n.1 (11th Cir. 1997). A limited exception to this rule exists where the plaintiff's description of the defendant is so specific as to be "at the very worst, surplusage." Dean v. Barber, 951 F.2d 1210, 1215–16 (11th Cir. 1992) (use of an unnamed defendant can be allowed where it was clear that discovery will uncover the defendant's identity) *compare* Moulds v. Bullard, 345 Fed. Appx. 387 (11th Cir. 2009) (no abuse of discretion for dismissing John Doe correctional officers from prisoner's civil rights suit where the prisoner completely failed to describe some of those officers and did not timely request discovery that would have allowed him to learn their names and serve them).

The Plaintiff refers to John Does who he fails to adequately identify. Therefore the claims against them are insufficient to proceed at this time and are subject to dismissal without prejudice.

(I) Claudia Angel

The Plaintiff appears to make claims against Miami-based USPI Claudia Angel in her individual and official capacities. See (DE# 1 at 3); but see (DE# 1 at 2) (stating that the Plaintiff is suing Defendant Angel only in her individual capacity).

---

[4] All of the allegations against the unknown USPIs occurred at and around the time of the Plaintiff's arrest in October, 2011, and are therefore barred by the statute of limitations.

Bivens only applies to claims against federal officers in their individual capacities; it does not create a cause of action for federal officers sued in their official capacities. See Malesko, 534 U.S. at 69–71. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit," and "[t]he terms of the federal government's consent to be sued in any court define that court's jurisdiction to entertain the suit." JBP Acquisitions, 224 F.3d at 1263 (internal quotation marks omitted).

Therefore, to the extent that the Plaintiff attempts to assert them, the claims against Defendant Angel in her official capacity should be dismissed.

(5) Illegal Seizure

The Plaintiff alleges that Postal Inspector Angel and unknown Kissimmee police officers went to the house of April Kannell, his wife's daughter, and took her to the police station where they coerced her into consenting to the seizure of three laptop computers. Only the Plaintiff had the passwords for two of the laptops. April did not have consent from the Plaintiff or Anja Kannell to consent to the laptops' seizure, April did not have common authority to consent to their seizure, and there was no probable cause to seize the laptops.

Under the Fourth Amendment, a person has the right to be free from unreasonable searches and seizures. Skop v. City of Atlanta, 485 F.3d 1130, 1137 (11th Cir. 2007). "[A] search is only invalid if it is unreasonable.... Whether it is unreasonable depends on the circumstances of the particular case." Lane v. United States, 321 F.2d 573, 576 (5th Cir. 1963). Thus, the Fourth Amendment is violated when the government conducts an unreasonable search in an area where a person has a reasonable expectation of privacy. Terry

14

v. Ohio, 392 U.S. 1, 9 (1968). The balancing test for reasonableness requires "at a minimum, that the facts upon which an intrusion is based be capable of measurement against 'an objective standard,' whether this be probable cause or a less stringent test." Bell v. Wolfish, 441 U.S. 520, 559 (1979). Valid consent legitimates an otherwise unconstitutional search. See Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973). Anyone who "possesse[s] common authority over or other sufficient relationship to the premises or effects sought to be inspected" may consent to the search of another's property. United States v. Matlock, 415 U.S. 164, 171 (1974).

Because an illegal search or arrest may be followed by a valid conviction, a successful Section 1983 action does not necessarily imply the invalidity of a conviction. See Heck, 512 U.S. at 487 n. 7; Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). Whether such a negation would occur depends on the claims raised and the specific offenses for which the claimant was convicted. Hughes, 350 F.3d at 1160.

The Plaintiff alleges that Defendant Angel and unknown Kissimmee police officers coerced Anja Kannell's daughter, April, to consent to the seizure of three laptop computers over which she lacked authority, and that probable cause did not support the seizure. The Plaintiff explains that the motion to suppress was denied.

It is impossible to tell from the information presently before the Court whether or not a constitutional violation occurred. The facts are also insufficient to determine whether or not relief on this claim would call the validity of the Plaintiff's conviction into question under Heck. Therefore, the undersigned recommends

15

allowing this claim to proceed against USPI Claudia Angel for further factual development.

(6) Conspiracy

To prove a Section 1983 conspiracy, a plaintiff must show that the parties "reached an understanding to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy." Bailey v. Bd. of County Comm'rs of Alachua, 956 F.2d 1112, 1122 (11th Cir. 1992); Rowe v. Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002). The "linchpin for conspiracy is agreement," and a conspiracy claim must allege that the defendants reached an understanding to violate the plaintiff's rights. Bailey, 956 F.2d at 1122; see Christman v. Holmes, 448 Fed. Appx. 869, 873 (11th Cir. 2011). To state a claim for conspiracy, it is not enough to simply aver that a conspiracy existed. Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). Instead, the complaint must contain "enough factual matter (taken as true) to suggest that an [illegal] agreement was made." Twombly, 127 S.Ct. at 1965; Fullman, 739 F.2d at 556-67 (a defendant in a conspiracy case "must be informed of the nature of the conspiracy which is alleged."). Further, where a complaint does not allege an "actionable wrong," *i.e.,* an underlying constitutional violation, it necessarily fails to allege a Section 1983 conspiracy. Christman, 448 Fed. Appx. at 873.

The Plaintiff's allegations that a conspiracy existed are barred by the statute of limitations insofar as they relate to his arrest and the attendant searches and seizures.

To the extent that the Plaintiff claims that a conspiracy existed within the four-year statute of limitations, it is too vague and conclusory to proceed. See Fullman, 739 F.2d at 556-57

16

(holding that a conspiracy allegation that is vague and conclusory fails to state a claim upon which relief can be granted and is subject to dismissal); Bar v. Gee, 437 Fed. Appx. 865 (11th Cir. 2011) (district court did not err in dismissing claim of conspiracy between teachers, state officials and police officers that appeared to be based solely on the fact that officers arrested Barr on the basis of a report of child abuse); Phillips v. Mashburn, 746 F.2d 782 (11th Cir. 1984) (the naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts provides an insufficient state action nexus for a section 1983 action); Rosa v. Fla. Dep't of Corr., 522 Fed. Appx. 710 (11th Cir. 2013) (conclusory allegations of a conspiracy to place inmate in an unsafe environment were insufficient where they failed to specify how he was threatened or how corrections officials conspired against him).

Therefore, the Plaintiff's conspiracy claim should be dismissed.

(7) Relief

Under Title 42, United States Code 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury must be more than "*de minimis*" but need not be "significant." Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999) *vacated in part on other grounds*, 216 F.3d 970 (11th Cir. 2000)(*en banc*). Section 1997e(e) does not affect the availability of nominal damages. Id. at 1288; Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007).

The Plaintiff seeks, *inter alia*, compensatory and punitive damages. He has made no factual allegations supporting the existence of any physical injury whatsoever, much less one that is more than *de minimis*.

Because the Plaintiff has not sufficiently alleged a physical injury, his claims for compensatory and punitive damages are barred by Section 1997e(e) and should be dismissed.

(8)  Pendent State Law Claims

Under United States Code Title 28, Section 1367(a), a district court may exercise supplemental jurisdiction over state law claims related to the federal court action. To exercise pendent jurisdiction [or what is now identified as supplemental jurisdiction] over state law claims not otherwise cognizable in federal court, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" Jackson v. Stinchcomb, 635 F.2d 462, 470 (5th Cir. 1981)(quoting United Mine Workers v. Gibbs, 383 U.S. 715 (1966)).[5]

The Plaintiff purports to raise pendent State law claims, however, he fails to clearly articulate what claims these might be, against whom he is asserting them, and when they occurred. They are insufficient to proceed at this time and should be dismissed.

### V. Conclusion

It is therefore recommended that the Fourth Amendment claim by Joseph Harvey for illegal seizure of three laptop computers proceed

---

[5] See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

against United States Postal Inspector Claudia Angel in her individual capacity, and that the remaining claims be dismissed for failure to state a claim upon which relief can be granted, and for seeking monetary relief against a defendant who is immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

DONE AND ORDERED at Miami, Florida, this 29th day of February, 2016.

                                                        _____
                                                        UNITED STATES MAGISTRATE JUDGE

cc:   Joseph Harvey
      95553-004
      Coleman Low
      Federal Correctional Institution
      Inmate Mail/Parcels
      Post Office Box 1031
      Coleman, FL 33521
      PRO SE