UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-24438-CIV-ALTONAGA/White

**JOSEPH HARVEY**,

    Plaintiff,
v.

**UNITED STATES OF AMERICA**, *et al.*,

    Defendants.
_____/

## **ORDER**

On November 20, 2015, Plaintiff Joseph Harvey ("Plaintiff") filed a *pro se* Complaint . . . ("Complaint") [ECF No. 1], nominally on behalf of himself and Anja Kannell ("Kannell"), his wife and criminal co-defendant. The Complaint alleges a variety of constitutional and statutory violations against numerous individual and governmental defendants. (*See generally id.*). Magistrate Judge Patrick A. White entered a Report of Magistrate Judge[1] ("Report") [ECF No. 19] on March 1, 2016, recommending most, but not all, of Plaintiff's claims be dismissed: for failure to state a claim upon which relief can be granted; as untimely; as insufficiently pleaded; and/or as seeking monetary relief against a defendant who is immune from such relief. (*See generally id.*). Plaintiff filed timely Objections . . . ("Objections") [ECF No. 20] on March 10, 2016. The Court has carefully reviewed the Report, the Objections, the record, and applicable law.

### **I. BACKGROUND**

This case involves claims brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), 42 U.S.C. section 1983, and uncited

---

[1] The Clerk referred the case to the Magistrate Judge under Administrative Order 2003-19 for a report and recommendation on any dispositive matters. (*See* [ECF No. 3]).

provisions of the Federal Tort Claims Act ("FTCA"). (*See generally* Compl.). Accepting the allegations as true, Plaintiff and Kannell were arrested on October 5, 2011, by United States Postal Inspector ("USPI") Claudia Angel ("Angel") and unknown additional USPIs and police officers. (*See* Report 3). Plaintiff's car was searched while Plaintiff and Kannell sat handcuffed in a police car. (*See id.*). An hour after Plaintiff and Kannell were driven to a West Palm Beach post office, an unknown USPI drove Plaintiff's car from the site of the arrest to the office parking lot. (*See id.* 3–4). An improper inventory search was conducted. (*See* Compl. 5). Almost two weeks later, Angel applied for a warrant, which was executed on October 24, 2011. (*See* Report 4). This search was illegal because the warrant was obtained as a result of omissions and deceptions to a judge, and the warrant did not cover the car's trunk, a briefcase, or Kannell's purse, all of which were searched with the car. (*See id.*).

Angel then decided to search for Plaintiff's digital records. On November 28, 2011, with the aid of unknown officers, Angel went to the home of Kannell's adult daughter, April Kannell ("April"), and brought her to the police station. (*See id.*). There, Angel coerced April into giving consent to the seizure of three laptop computers which did not belong to April, and to which April did not know the passwords. (*See id.*). Nonetheless, the attorneys representing Plaintiff and Kannell failed to respond to these violations or challenge the evidence obtained from them. (*See id.*). The Complaint is a running factual narrative with myriad allegations against numerous Defendants dispersed throughout. (*See generally* Compl.).

## II. ANALYSIS

Construing the Complaint liberally, Judge White does an admirable job extracting individual claims for analysis, and necessarily resolves the various claims and issues individually, discussing: 1) venue; 2) bringing suit on behalf of others; 3) statutes of limitations;

4) proper defendants; 5) illegal seizure; 6) conspiracy; 7) relief; and 8) pendent state law claims. (*See generally* Report). Plaintiff objects at least in part to each of these sections except venue and illegal seizure. (*See generally* Objections). Each section is considered in turn.

### A. Venue

Judge White concludes venue is proper. (*See* Report 5). The Court agrees.

### B. Bringing Suit on Behalf of Others

Plaintiff asserts claims on behalf of both himself and Kannell. (*See generally* Compl.). Judge White explains Plaintiff cannot seek relief on Kannell's behalf because Plaintiff is a prisoner and thus lacks standing to do so. (*See* Report 5 (citing, *inter alia*, *Adams v. James*, 784 F.2d 1077, 1080 (11th Cir. 1986))). In his Objections, Plaintiff cites the general rule for third-party standing and argues he meets the criteria because his and Kannell's interests are aligned; he is an effective advocate for her rights; and she lacks the ability to assert her own rights because she has no money for an attorney and her first language is German. (*See* Objections 2 (quoting *Singleton v. Wulff*, 428 U.S. 106, 116 (1976))). Moreover, Plaintiff argues "[a] prisoner has the right to assistance from other inmates." (*Id.* 1 (alteration added) (quoting *Johnson v. Avery*, 393 U.S. 483, 489 (1969))).

The Court does not disagree with the latter assertion; Plaintiff may assist Kannell in seeking redress for violations of her constitutional rights. Yet he may not do so in the instant action, regardless of how closely he believes this situation maps onto the general test for third-party standing. Even if Plaintiff's rights and Kannell's rights have purportedly been violated in the same manner (which the Court disagrees with, as addressed below in the analysis of damages), regardless of their marriage, the Eleventh Circuit has clearly stated, "[i]n a non-class-action context a prisoner has no standing to litigate another prisoner's claim of denial of access

to the courts." *Adams*, 784 F.2d at 1080 (alteration added).  Therefore, the Court agrees with Judge White's recommendation all claims asserted on Kannell's behalf should be dismissed.[2] (*See* Report 6).

### C. Statutes of Limitations

Judge White concludes all FTCA claims, along with all of the *Bivens* and Section 1983 claims based upon Plaintiff's October 5, 2011 arrest and the searches that occurred between then and November 19, 2011, should be dismissed with prejudice because the applicable statutes of limitations have run. (*See* Report 6–7).  This leaves at least some claims to proceed: "The only timely *Bivens* and Section 1983 claims appear to be the Fourth Amendment claims against USPI Angel and unknown Osceola County police officers with regards to the seizure of three laptop computers, and possibly a conspiracy claim with regards to the Plaintiff's prosecution." (*Id.* 6). Judge White concludes only these claims are timely and should be allowed to continue. (*See id.* 6–7).

In Florida, the applicable statute of limitations for *Bivens* suits and suits brought under 42 U.S.C. section 1983 is four years.  *See Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).  The Complaint was filed under the prisoner mailbox rule on November 20, 2015. (*See* Compl. 11).  Thus any *Bivens* or Section 1983 claims arising from conduct prior to November 19, 2011 are untimely; the arrest and car searches Plaintiff references all occurred prior to November 19, 2011. (*See id.* 5–6).

Similarly, the FTCA has a two-year statute of limitations, *see* 28 U.S.C. § 2401(b), and because none of the conduct described in the Complaint occurred after February 9, 2012, the November 20, 2015 Complaint could not have raised a timely FTCA claim. (*See* Report 7).

---

[2] Plaintiff also cites Federal Rule of Civil Procedure 17(c)(2), and suggests he may sue on Kannell's behalf as her "next friend." (Objections 2 n.1).  This provision is inapplicable because Plaintiff has asserted only that English is not Kannell's first language, not that she is legally incompetent.

Plaintiff argues "[t]he 3 illegal car searches were continued by the illegal laptop search and seizure." (Objections 2 (alteration added) (citing *Donaldson v. O'Connor*, 493 F.2d 507, 529 (5th Cir. 1974) *vacated sub nom. Gumanis v. Donaldson*, 422 U.S. 1052 (1975))). Yet Plaintiff cites only continuing tort case law (*see id.* 2–3), and provides no support for the argument knowledge gained from a Fourth Amendment violation which facilitated a second, independently wrongful search and seizure would fall within the continuing violations doctrine. Not only has the Court been unable to find any such support in its own searches, the general theory of continuing violations weighs against extending the doctrine to this context.[3] Thus, this argument is unpersuasive.

Nonetheless, while the Complaint offers no basis to apply an exception to the statute of limitations, in the Objections, Plaintiff argues, "[t]he first time plaintiffs [sic] heard about the inventory and warrant searches on car [sic] was in Dec. 2011." (*Id.* 3 (alteration added)). December 2011 was three years and eleven months before the Complaint was filed. (*See* Compl. 11). As a result, if pleaded and taken as true, this fact would be sufficient to toll the statutory period and thus avoid dismissal of this claim. *See Moore v. Lappin*, No. 3:08CV344/MCR/EMT, 2009 WL 3336082, at *3 (N.D. Fla. Oct. 15, 2009) ("The general federal rule is that a cause of action 'will not accrue, and thereby set the limitations clock running, until the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury.'" (quoting *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (citation omitted))). Therefore, while the Court agrees with Judge White's recommendation the claims regarding searches prior to November 19, 2011 be dismissed (*see* Report 6–7), Plaintiff is

---

[3] As Judge Posner wrote: "A violation is called 'continuing,' signifying that a plaintiff can reach back to its beginning even if that beginning lies outside the statutory limitations period, when it would be unreasonable to require or even permit him to sue separately over every incident of the defendant's unlawful conduct." *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001). Here, it is not at all unreasonable to require Plaintiff to bring separate claims for each challenged search and seizure.

afforded the opportunity to replead claims regarding searches of which he was made aware only after that date.

### D. Proper Defendants

The Report addresses each Defendant in turn to analyze whether Plaintiff may properly bring claims against them. Judge White concludes the United States, the Attorney General, Osceola County, and the Osceola County Police Chief should all be dismissed on the basis of sovereign immunity or Plaintiff's failure to allege causally connected personal actions sufficient to trigger individual liability. (*See id.* 7–10). Judge White also finds all claims against unidentified USPIs and officers should be dismissed without prejudice as insufficiently pleaded (*see id.* 13), and to the extent Plaintiff attempts to assert claims against Angel in her official capacity, such claims should be dismissed as well (*see id.* 13–14). Plaintiff does not object to any of these conclusions, and the Court agrees with the Report as to these Defendants. Plaintiff does object to Judge White's conclusions regarding three remaining Defendants.

        1.      Thomas Watts-Fitzgerald

Construed liberally, the Complaint brings claims against Thomas Watts-Fitzgerald ("Watts-Fitzgerald"), the Assistant United States Attorney who prosecuted Plaintiff's criminal case, for malicious prosecution and engaging in a civil conspiracy by knowingly condoning and participating in the presentation of false information to obtain a warrant. (*See* Compl. 6; Objections 4–5). Judge White concludes these claims should be dismissed because the civil conspiracy claim relates to Plaintiff's arrest and the attendant searches and seizures, which are time-barred (*see* Report 11 n.2), and the malicious prosecution claim fails as a matter of law because no criminal proceeding has terminated in Plaintiff's favor (*see id.* 11 (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994))).

Plaintiff's Objections include a recitation of the facts and a citation to case law regarding an exception to prosecutorial immunity for false statements in an affidavit. (*See* Objections 4–5 (citation omitted)). The Objections respond to neither of the grounds upon which the Report concludes claims against this Defendant should be dismissed: the statute of limitations and failure of a critical element for a malicious prosecution claim. (*See* Report 11). Therefore, the claims against Watts-Fitzgerald are dismissed — as to the malicious prosecution claim — but Plaintiff may replead the civil conspiracy claim based on the warrant search if Plaintiff only learned about it on or after November 20, 2011.

2. Jan Smith

The Complaint is unclear as to what claim Plaintiff alleges against Jan Smith ("Smith"), the Assistant Federal Public Defender who was assigned to represent him at his criminal trial. (*See* Compl. 6). The Report reasonably construes the Complaint as having raised Section 1983 claims, and recommends they be dismissed with prejudice because, "[a] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." (Report 11 (alteration added) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981))).

In the Objections, Plaintiff recites the alleged facts and contends "[a]ttorneys conspired with the govt [sic] and Angel throughout the pretrial, trial, and post trial." (Objections 5 (alteration added)). He also misquotes *Wahl v. McIver*, 773 F.2d 1169 (11th Cir. 1985), as stating: "A public defender may be liable under 1983 [sic] if he conspires with someone who did deprive the plaintiff of one or more of his legally recognized rights under color of state law." (Objections 5). *Wahl* does include language to that effect. *See* 773 F.2d at 1173. However, in that case, the Eleventh Circuit also held the "allegations against Midgley, the public defender, do

not state a claim under section 1983 as Midgley did not act under 'color of state law' notwithstanding his appointment as counsel by a judicial officer" and the claim was therefore dismissed because the plaintiff had not alleged any conspiracy. *Id.* (citation omitted).

Here, Plaintiff attempts to bring a vague conspiracy charge, but the *Wahl* court also went on to dismiss a bare allegation of conspiracy against another attorney: "The brief suggestion that D'Alessandro colluded with Judge Pack to violate appellant's rights also does not state a claim as appellant failed to plead more than a general conclusory allegation of conspiracy." *Id.* (citing, *inter alia*, *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984)). Similarly, in this case, Plaintiff makes only a conclusory charge of conspiracy, based solely on Smith's failure to file all the evidentiary motions Plaintiff desired. (*See* Objections 5–6). Even if Smith did tell Plaintiff, "I'm not going against the govt [sic]" (*id.* 6), which the Court would take as true if it appeared in the Complaint rather than the Objections, such a statement would not evidence a mutual agreement with the government sufficient to form a conspiracy. *See Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty. Fla.*, 956 F.2d 1112, 1122 (11th Cir. 1992). Accordingly, the claims against Smith are dismissed.

        3.      Leonard Spitale

Neither the Complaint nor the Objections do much to differentiate Plaintiff's claims against Smith from those against Leonard Spitale ("Spitale"), the private defense attorney who represented Kannell in the joint criminal case. (*See generally* Compl.; Objections 5–6). Judge White concludes Plaintiff fails to state a Section 1983 claim because "Plaintiff has failed to allege that Mr. Spitale, a private attorney, was a State actor." (Report 12). And Plaintiff has not stated a *Bivens* claim because "the Supreme Court has held that no *Bivens* action lies against a private entity alleged to act unconstitutionally under color of federal law." (*Id.* (citing *Corr.*

*Servs. Corp. v. Malesko*, 534 U.S. 61, 69–70 (2001))).  The Objections do not address either of these issues.  Therefore, the Court agrees the claims against Spitale should be dismissed.  (*See id.*).

### E.  Illegal Seizure (Laptops)

Plaintiff alleges Angel and unidentified officers illegally seized the three laptops without probable cause and, at best, with consent only from April — who could not properly consent to that search even without coercion.  (*See* Compl. 6).  These events occurred within the statute of limitations, and Judge White concludes "[i]t is impossible to tell from the information presently before the Court whether or not a constitutional violation occurred."  (Report 15 (alteration added)).  Accordingly, Judge White recommends this claim be allowed to proceed for further factual development.  (*See id.* 15–16).  The Court agrees.

### F.  Conspiracy

To the extent Plaintiff's conspiracy claims rely on the events of his arrest and attendant searches and seizures, Judge White concludes any conspiracy existing during that period is time-barred; if these claims rely on events within the statute of limitations, Judge White finds they are too vague and conclusory to proceed.  (*See id.* 16–17 (citing *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984))).  Therefore, Judge White concludes the conspiracy claims should be dismissed in their entirety.  (*See id.* 17).

The Objections contain another recitation of Plaintiff's allegations (*see* Objections 7), but still lack a critical element: an agreement between the parties, *see Bailey*, 956 F.2d at 1122. Plaintiff argues "Angel, Fitzgerald, Smith and Spitale, [sic] all knew about these things and the things above and they did it together with reckless indifference and malice."  (Objections 7). The conclusory statement "they did it together" might allude to an alleged agreement, but it is

still vague and does not appear in the Complaint anyway.[4]  Therefore, this claim is dismissed. Plaintiff may replead a conspiracy claim with a clearer indication of which Defendants agreed to do what together, and when.

### G.  Relief

Plaintiff seeks, *inter alia*, compensatory and punitive damages.  (*See* Compl. 9).  Judge White concludes the claims for such damages should be dismissed because Plaintiff makes "no factual allegations supporting the existence of any physical injury whatsoever, much less one that is more than *de minimis*." (Report 17); *see also* 42 U.S.C. § 1997e(e); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) *vacated in part on other grounds*, 216 F.3d 970 (11th Cir. 2000) (*en banc*).  Plaintiff raises a single physical injury in the Objections: a bladder condition suffered by Kannell.  (*See* Objections 8).  Not only does Plaintiff fail to even allege this injury is a result of the conduct at issue in this case, but as discussed, Plaintiff may not assert claims on Kannell's behalf.  Therefore, the Court agrees with Judge White's conclusion Plaintiff's claims for compensatory and punitive damages should be dismissed.  (*See* Report 18).

### H.  Pendent State Law Claims

The Report finds, "[t]he Plaintiff purports to raise pendent State law claims, however, he fails to clearly articulate what claims these might be, against whom he is asserting them, and when they occurred.  They are insufficient to proceed at this time and should be dismissed." (*Id.* (alteration added)).  In the Objections, Plaintiff attempts to clarify: "The John Doe officers of Osceola County, who helped Angel seize the laptops illegally. [sic]  These officers committed conversion, wantonness, [sic] by helping Angel." (Objections 8).  Even if Plaintiff had adequately summarized what pendent state law claims he intended to make — and adequately identified Defendants for these claims, which he has not — describing the claims in the

---

[4] Also, indifference and malice are contradictory and cannot coherently be asserted at the same time.

Objections would not rectify the inadequate pleading. Accordingly, the Court agrees any pendent state law claims are dismissed without prejudice.

### III.  CONCLUSION

The undersigned has conducted a *de novo* review of the record and the Report with respect to Plaintiff's Objections, and has reviewed the remainder of Judge White's analysis for plain error. The undersigned agrees with most of the analysis and recommendations stated in Judge White's Report, and finds the Report should be accepted and adopted in part. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 19]** is **ACCEPTED AND ADOPTED in part** as follows:

1. All claims brought on behalf of Anja Kannell are **DISMISSED**.

2. All FTCA claims are **DISMISSED with prejudice**.

3. All claims regarding conduct prior to November 19, 2011 are **DISMISSED**. Plaintiff may replead claims relating to such conduct only if — and including a truthful allegation — he was not made aware of the conduct until after November 20, 2011.

4. All claims against the United States of America, the Attorney General, Osceola County, the Osceola County Police Chief, and all unnamed police officers or postal inspectors are **DISMISSED**.

5. The malicious prosecution claim against Defendant Thomas Watts-Fitzgerald is **DISMISSED with prejudice**; the civil conspiracy claim against him is **DISMISSED**.

6. The claims against Defendants Jan Smith and Leonard Spitale are **DISMISSED**.

7. The illegal seizure claim regarding the laptops may proceed.

8. The conspiracy claims are all **DISMISSED** and may be repleaded with the required specificity.

9. Plaintiff has until **April 29, 2016** to file an amended complaint, including any claims that are not now dismissed with prejudice.  In the amended complaint, Plaintiff is instructed to set out each of his specific claims in separate paragraphs or sections, each clearly stating what claim is being described and what Defendant(s) he wishes to bring that claim against.  Each separate section or paragraph must contain only the facts and arguments related to the corresponding claim.  Failure to comply with these instructions may result in dismissal of the nonconforming claims or the amended complaint without further notice.

**DONE AND ORDERED** in Miami, Florida, this 30th day of March, 2016.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:	counsel of record;
	Joseph Harvey, *pro se*